## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **ZACHERY AARON TALLEY, on behalf of himself and all others similarly situated** | ) ) ) | CASE NO. |
| **Plaintiffs,** | ) ) ) | |
| **-vs-** | ) ) ) | <u>CLASS ACTION</u> |
| **CITY OF CLEVELAND**<br>**601 Lakeside Ave.**<br>**Cleveland, Ohio  44114,** | ) ) ) ) | <u>COMPLAINT AND DEMAND FOR</u><br><u>JURY TRIAL</u> |
| **and** | ) ) | |
| **MAYOR FRANK JACKSON**<br>**601 Lakeside Ave.**<br>**Cleveland, Ohio 44114,** | ) ) ) ) | |
| **Individually and in His Official**<br>**Capacity as Mayor of the City of**<br>**Cleveland,** | ) ) ) ) | |
| **and** | ) ) | |
| **SAFETY DIRECTOR MARTIN FLASK**<br>**601 Lakeside Ave.**<br>**Cleveland, Ohio  44114,** | ) ) ) ) | |
| **Individually and in His Official**<br>**Capacity as Safety Director of the City**<br>**of Cleveland,** | ) ) ) ) | |
| **Defendants.** | ) ) | |

\*   \*   \*   \*   \*

Plaintiff Zachery Aaron Talley, through undersigned counsel, alleges the following on behalf of himself and all others similarly situated in support of their Complaint.

## PRELIMINARY STATEMENT

1.  This is a case of repeated and systematic detention under excessive bail by the city of Cleveland.  This action is brought pursuant to 42 U.S.C. 1983 for violations of the Eighth and Fourteenth Amendments to the U. S. Constitution, Article I, Section 9 of the Ohio Constitution, and pursuant to Ohio common law for wrongful imprisonment.

2.  Ohio law requires that a person who is arrested shall be entitled to bail, and that "...excessive bail shall not be required."

3.  When an individual has an outstanding warrant from another jurisdiction outside of Ohio, they are arrested and held by Cleveland Police as 'fugitives.'

4.  The Cleveland Police Department regularly and systematically takes custody of individuals who are being held on 'fugitive' warrants.  When these individuals are brought before the judges of the Cleveland Municipal Court on a 'Fugitive' felony arrest warrant, the bond is automatically set at one million dollars ($1,000,000).

5.  This bond is the same for any fugitive arrested in the city of Cleveland, irrespective of circumstance.

6.  Pursuant to its regular practice, and at great cost to the Plaintiffs, the city of Cleveland has unlawfully and unconstitutionally denied the right to bail to hundreds of people, including Mr. Talley and all members of the proposed class.

## NAMED PARTIES

7.  Plaintiff Zachery Aaron Talley is a resident of Ohio.

8.  Defendant city of Cleveland is a municipality organized under the laws of the state of Ohio.

9.  Defendant Frank Jackson was at all times relevant to this action the Mayor of Cleveland. Defendant is a "person" under 42 U.S.C.1983 and at all times relevant to this case acted under color of law.  He is sued both in his individual and official capacities.

10.  Defendant Martin Flask was at all times relevant to this action the Safety Director for the city of Cleveland.  Defendant is a "person" under 42 U.S.C. 1983 and at all times relevant to this case acted under color of law.  He is sued both in his individual and official capacities.

## JURISDICTION AND VENUE

11.  This Court has subject matter jurisdiction over this matter pursuant to 29 U.S.C.1331, 28 U.S.C.1343 (3) and (4).  Jurisdiction over state law claims is conferred upon this Court by 28 U.S.C.1367.

12.  Venue is proper in this Court pursuant to 28 U.S.C. 1391.

## CLEVELAND'S POLICY OF EXCESSIVE BAIL FOR FUGITIVES

13.  When a person is charged with a crime from another jurisdiction, from a state other than Ohio, they are considered to be a fugitive from justice from that state.

14.  A warrant is issued by that state, and upon oath and complaint, a warrant is issued in Ohio against that person.  A Cleveland detective will issue that oath and complaint in the city of Cleveland against that person as being a fugitive.

15.  When that person is arrested in the city of Cleveland, they are held by this warrant under authority of O.R.C. 2863.11.

16.  That arrested person is then brought before a judge of the Cleveland Municipal Court.

17.  At that hearing, the judge is informed of the charge for which the person is being held, and the state of origin of the fugitive warrant.

18.  Irrespective of the charge or the originating state, the policy of the Cleveland Municipal Court is to set bond for every fugitive case at $1,000,000.

19. Because of this policy the defendant is deprived of their right to have a reasonable bail set, and to possibly make that bail.  The defendant is not afforded the opportunity to argue the level of felony, the circumstances, their history and background, and any other facts pertinent to their case.

20.  The policy of the Cleveland Police and the Cleveland Municipal Court, of taking custody of fugitives and uniformly applying a bail amount of $1,000,000 is a "policy or custom" for purposes of 42 U.S.C. 1983.

## EXCESSIVE BOND FOR NAMED PLAINTIFF

21.  In late July of 2013, Mr. Talley was living and working in Cuyahoga County.  He was engaged to be married and held steady employment with a security firm.

22.  His six-year-old daughter was visiting him from South Carolina, where she resided with her mother.  Due to certain conditions he noticed with the child, and based on discussions he had with her, Mr. Talley decided to file for temporary custody of his daughter in the Juvenile Court of Cuyahoga County.  He filed for custody on August 2, 2013.

23.  Upon learning of this decision, the child's mother filed a Complaint in South Carolina alleging kidnapping and interference with custody.  She filed that Complaint on or about August 6, 2013.

24.  On August 7, 2013, a felony fugitive warrant was issued in the city of Cleveland against Mr. Talley.  Based on information provided by the child's mother, Mr. Talley was arrested at his place of employment.  He had no prior knowledge that any case had been filed against him or that there was a warrant for his arrest.

25.  On August 8, 2013, he appeared before a judge in the in Cleveland Municipal Court. Despite his plea for reasonable bond, explaining that this was in fact a civil domestic relations dispute rather than a case of felony kidnapping, his bond was set at $1,000,000.  Upon application and Motion to Reduce the Bond filed on August 8, 2013, that bond was reduced to $500,000.

## CLASS ALLEGATION

26.  Plaintiffs bring this action as a class action pursuant to Rules 23(b)(2) and (b)(3) of the Federal Rules of Civil Procedure on behalf of all persons who, since August 3, 2012, have been arrested and charged as a fugitive and given a $1,000,000 bond by the Cleveland Municipal Court.

27.  The members of the class are so numerous that joinder of all class members is impracticable. The exact size of the class is not known.  Upon information and belief, the class consists of at least several hundred people, located throughout Ohio and the United States.

28.  Plaintiffs will fairly and adequately protect the interests of the class.  Plaintiffs have retained counsel competent and experienced in complex civil litigation and criminal law.  Plaintiffs have no interests that are adverse or antagonistic to those of the class.

29.  Plaintiffs' claims are typical of the claims of the class.  Plaintiffs and all class members present the same claim for relief based on the same set of relevant facts.

30.  There are questions of law and fact common to the class, and those questions predominate over any questions affecting only individual members.  Among the questions of law and fact common to the class are:

A. Whether those individuals charged with a fugitive warrant and held in custody in the city of Cleveland and each given a $1,000,000 bond violates the Eighth and Fourteenth Amendments to the U. S. Constitution.

B.  Whether those individuals charged with a fugitive warrant and held in custody in the city of Cleveland and each given $1,000,000 bond constitutes "excessive bond" in violation of Article 1, Section 9 of the Ohio Constitution.

C.  Whether those individuals charged with a fugitive warrant and held in custody in the city of Cleveland and each given $1,000,000 bond constitutes wrongful imprisonment in violation of Ohio law and Ohio common law.

D.  Whether the city of Cleveland's practice constitutes a policy or custom for purposes of 42 U.S.C. 1983.

31.  A class action is superior to other available methods for fairly and efficiently adjudicating this controversy.  Many class members, all of whom have been arrested and some of whom have been incarcerated, do not have the means or incentive to take on the expense and burden of individual litigation.  No litigation by class members yet exists concerning this controversy.  Concentrating the litigation of the claims in this forum is desirable, as all of the Defendants' unconstitutional acts took place, and continue to take place, in this district.  There is no anticipated difficulty managing this litigation as a Class Action, and resolution of the legal and factual issues common to the class in one action will promote judicial economy and uniformity among persons similarly situated.

32.  The Defendants have acted, and continue to act, on grounds that apply generally to the class, so that final injunctive relief is appropriate respecting the class as a whole.  All the class members have been injured or are being injured by Defendants' policies and practices.


### COUNT I – Violation of 42 U.S.C. 1983


33.  Plaintiffs incorporate by reference the allegations in paragraphs 1 through 32, above.

34. Count I is brought against Defendants city of Cleveland, Mayor Frank Jackson and Safety Director Martin Flask, in their official capacity as Mayor and Director of Public Safety.

35.  Mr. Talley and all class members were arrested and detained by law enforcement officers in the exercise of their official capacity.

36.  When Mr. Talley and all class members were brought before the Cleveland Municipal Court, the officers, detectives, court employees, and judges were acting under color of state law.

37.  Mr. Talley and all class members – those individuals charged as 'fugitives' - were given, and are only being given, a $1,000,000 bond set in the Cleveland Municipal Court.

38.  Accordingly, the city of Cleveland's unlawful policy of permitting only an excessively high bail amount has deprived Mr. Talley and all class members of their rights under the Eighth and Fourteenth amendments to the U.S. Constitution, in violation of 42 U.S.C. 1983.


## COUNT II – Violation of Article One, Section 9 of the Ohio Constitution


39.  Plaintiffs incorporate by reference the allegations in paragraphs 1 through 38, above.

40. Count II is brought against Defendants city of Cleveland, Mayor Frank Jackson and Safety Director Martin Flask, individually and in their official capacity as Mayor and Director of Public Safety.

41.  Mr. Talley and all class members were arrested and detained by law enforcement officers in the exercise of their official capacity.

42.  When Mr. Talley and all class members were brought before the Cleveland Municipal Court, the officers, detectives, court employees, and judges were acting under color of state law.

43.  Mr. Talley and all class members – those individuals charged as 'fugitives' - were given, and are only being given, a $1,000,000 bond set in the Cleveland Municipal Court.

44.  This bail is clearly excessive, could not be made by Mr. Talley, and cannot be made by the vast majority (if any) of the class members appearing in the Cleveland Municipal Court for a fugitive warrant bail hearing.

45.  Defendant Martin Flask ordered, knew of, participated in, and ratified the policy of requiring an excessive and unlawful bond amount for those individuals charged under fugitive warrants in the city of Cleveland.

46.  Defendant Martin Flask acted in wanton or reckless manner in ordering, knowing of, participating in, and ratifying a policy of requiring an excessive bond amount for those individuals charged under fugitive warrants in the city of Cleveland.

47.  Accordingly, the city of Cleveland's unlawful policy of permitting only an excessively high bail amount has deprived Mr. Talley and all class members of their rights under Article I, Section 9 of the Ohio Constitution.

## COUNT III – Wrongful Imprisonment Under Ohio Common Law

48.  Plaintiffs incorporate by reference the allegations in paragraphs 1 through 47, above.

49.  Count III is brought against Defendants city of Cleveland, Mayor Frank Jackson and Safety Director Martin Flask, individually and in their official capacity as Mayor and Director of Public Safety.

50.  Mr. Talley and all class members were arrested and detained by law enforcement officers in the exercise of their official capacity.

51.  When Mr. Talley and all class members were brought before the Cleveland Municipal Court, the officers, detectives, court employees, and judges were acting under color of state law.

52.  Mr. Talley and all class members – those individuals charged as 'fugitives' - were given, and are only being given, a $1,000,000 bond set in the Cleveland Municipal Court.

53.  This bail is clearly excessive, could not be made by Mr. Talley, and cannot be made by the vast majority (if any) of the class members appearing in the Cleveland Municipal Court for a fugitive warrant bail hearing.

54.  Defendant Martin Flask ordered, knew of, participated in, and ratified the policy of requiring an excessive and unlawful bond amount for those charged under fugitive warrants in the city of Cleveland.

55.  Defendant Martin Flask acted in wanton or reckless manner in ordering, knowing of, participating in, and ratifying a policy of requiring an excessive bond amount for those charged under fugitive warrants in the city of Cleveland.

56.  Accordingly, the city of Cleveland's unlawful policy of permitting only an excessively high bail amount has deprived Mr. Talley and all class members of their rights under Ohio common law.

## PRAYER FOR RELIEF

WHEREFORE, Mr. Talley, on behalf of himself and all others similarly situated, prays for compensatory and punitive damages against Defendants in an amount to be determined at trial; declaratory and injunctive relief; interest, costs, expenses, and attorneys fees; and such further relief as the Court may deem appropriate.

## JURY DEMAND

Plaintiffs respectfully demand a Trial by jury on all issues in this action.

Respectfully submitted,

_____
Daniel E. Shields (Sup. Ct.# 0030979)
1501 Westwood
Lakewood, Ohio  44107
(216) 221-2889
(216) 221-2889 Fax
danshields21@yahoo.com
Attorney for Plaintiffs