UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ZACHERY TALLEY, | ) | CASE NO. 1:14 CV 1697 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| | ) | *NUNC PRO TUNC*[1] |
| vs. | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| CITY OF CLEVELAND, et al., | ) | |
| | ) | |
| Defendants. | ) | |

On August, 8, 2013, Plaintiff Zachery Talley ("Talley") appeared before a judge in Cleveland Municipal Court on a fugitive felony arrest warrant. The judge originally set Talley's bond at $1,000,000 but, upon a motion to reduce bond, the bond was reduced to $500,000. Then, on August 3, 2014, Talley filed the instant case against the City of Cleveland (the "City"), Mayor Frank Jackson, and Director of Public Safety Martin Flask (together "Defendants"), alleging that the Cleveland Municipal Court has a policy of setting bond for every fugitive case at $1,000,000 and that this policy violates the Eighth Amendment's prohibition against excessive bail. Now pending before the Court is Defendants' Motion to Dismiss Talley's Complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure (Doc. # 8). For the reasons discussed below, Defendants' Motion to Dismiss is Granted.

I.

---

[1] The Court issues this *nunc pro tunc* order one day after it issued the initial Memorandum of Opinion and Order because, upon review of the issued order, the Court found that it neglected to include the Court's ruling at the conclusion of the Court's previous Memorandum of Opinion and Order.

1

The following facts are alleged by Talley in his Complaint and are taken as true for purposes of the motion to dismiss. *See Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). In July of 2013, while Talley was living and working in Cuyahoga County, his six-year-old daughter was visiting him from South Carolina, where she resided with her mother. On August 2, 2013, Talley filed for temporary custody of his daughter in the Juvenile Court of Cuyahoga County based on "certain conditions" he noticed with his daughter and on discussions he had with her. Talley alleges that because he filed for temporary custody of his daughter, on August 6, 2013, his daughter's mother filed a complaint in South Carolina alleging kidnaping and inference with custody. The day after his daughter's mother filed the complaint a felony fugitive warrant was issued in the city of Cleveland for Talley's arrest and Talley was arrested at his place of employment. Then, on August 8, 2013, Talley appeared before a judge in the Cleveland Municipal Court. Talley alleges that "[d]espite his plea for reasonable bond, explaining that this was in fact a civil domestic relations dispute rather than a case of felony kidnaping, his bond was set at $1,000,000." (Doc. #1 at ¶ 25). Talley filed a motion to reduce his bond the same day that his original bond was set, the motion was granted, and Talley's bond was reduced to $500,000.

On August 3, 3014, Talley filed a complaint seeking certification of a class "of all persons who, since August 3, 2012, have been arrested and charged as a fugitive and given a $1,000,000 bond by the Cleveland Municipal Court." (Doc. # 1 at ¶ 26). In the Complaint, under a section that reads "Cleveland's Policy of Excessive Bail for Fugitives," Talley alleges the following:

13. When a person is charged with a crime from another jurisdiction, from a state

other than Ohio, they are considered to be a fugitive from justice from that state.

14. A warrant is issued by that state, and upon oath and complaint, a warrant is issued in Ohio against that person. A Cleveland detective will issue that oath and complaint in the city of Cleveland against that person as being a fugitive.

15. When that person is arrested in the city of Cleveland, they are held by this warrant under authority of O.R.C. 2863.11[2].

16. That arrested person is then brought before a judge of the Cleveland Municipal Court.

17. At that hearing, the judge is informed of the charge for which the person is being held, and the state of origin of the fugitive warrant.

18. Irrespective of the charge or the originating state, the policy of the Cleveland Municipal Court is to set bond for every fugitive case at $1,000,000.

19. Because of this policy the defendant is deprived of their right to have a reasonable bail set, and to possibly make that bail. The defendant is not afforded the opportunity to argue the level of felony, the circumstances, their history and background, and any other facts pertinent to their case.

20. The policy of the Cleveland Police and the Cleveland Municipal Court, of taking custody of fugitives and uniformly applying a bail amount of $1,000,00 is a "policy or custom" for purposes of 42 U.S.C. § 1983.

(Doc. # 1 at p. 3)

Based on the above allegations, Talley asserts the following causes of actions: 1) a 42 U.S.C. § 1983 claim for deprivation of Talley and class members' rights under the Eighth and Fourteenth Amendments of the United States Constitution (Count I); 2) a claim for violating Talley and class members' rights under Art. 1, § 9 of the Ohio Constitution (Count II); and 3) a claim for false imprisonment under Ohio common law (Count III). In Count I, Talley sues both Mayor Jackson and Director Martin Flask in their official capacities and in Counts II and III, Talley sues Mayor Jackson and Director Martin Flask in their official and individual capacities.

---

[2] The correct statutory citation for this provision is O.R.C. 2963.11.

On December 9, 2014, Defendants filed a Motion to Dismiss Talley's Complaint on the following grounds: 1) this Court lacks jurisdiction because Talley does not have standing to bring this action; 2) the allegations in this Complaint are insufficient to state a plausible § 1983 claim because Talley failed to allege a constitutional deprivation caused by the City; 3) the Ohio Constitution does not confer a private right of action for damages for violations of Ohio Const. Art. I, § 9; 4) the City is entitled to immunity from Talley's common law wrongful imprisonment claim under Ohio R.C. § 2744.02; 5) Mayor Jackson and Director Flask did not confine Talley; and 6) Director Flask is entitled to statutory immunity under Ohio R.C. § 2744.03.

On January 7, 2015, Talley filed an opposition brief responding to Defendants' Motion to Dismiss. (Doc. # 9). Therein, Talley fails to address all of the arguments advanced by the Defendants. Specifically, Talley's opposition brief does not address the arguments for dismissing the official capacity claims brought against Mayor Jackson and Director Flask; the arguments for dismissing the claim brought pursuant to the Ohio Constitution; and the arguments for dismissing the common law wrongful imprisonment claim. While the failure of a plaintiff to respond to arguments raised by a defendant in a dispositive motion amounts to an abandonment of those claims, *See Hicks v. Concorde Career Coll.,* 449 F. App'x 484, 487 (6th Cir. 2011), the Court will address each of the arguments raised by Defendants.

## II.

**1. Excessive Bail Claim, 42 U.S.C. § 1983**

The Defendants' first argument is that Talley's Complaint should be dismissed for lack of subject matter jurisdiction because Talley does not have standing to bring this action. A motion to dismiss for lack of standing is properly analyzed under Federal Rule 12(b)(1) because

"[s]tanding is thought of as a 'jurisdictional' matter, and a plaintiff's lack of standing is said to deprive a court of jurisdiction." *Ward v. Alt. Health Delivery Sys.,* 261 F.3d 624, 626 (6th Cir. 2001) (citations and internal quotation marks omitted); *see also Allstate Ins. Co. Global Med. Billing, Inc.,* 520 F. App'x 409, 410-11 (6th Cir. 2013) (stating that lack of standing is treated as an attack on the court's subject matter jurisdiction and is therefore considered under Rule 12 (b)(1)). To satisfy Article III's standing requirement, a plaintiff must establish three elements: "1) an injury in fact that is concrete and particularized; 2) a connection between the injury and the conduct at issue– the injury must be fairly traceable to the defendant's action; and 3) [a] likelihood that the injury would be redressed by a favorable decision of the Court." *Courtney v. Smith,* 297 F.3d 455, 459 (6th Cir. 2002) (internal citation and quotation marks omitted).

Rule 12(b)(1) motions to dismiss for lack of subject-matter jurisdiction generally come in two varieties: a facial attack or a factual attack. *Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.,* 491 F.3d 320, 330 (citation omitted). A facial attack on the subject-matter jurisdiction alleged in the complaint questions merely the sufficiency of the pleading. *Id.* Here, Defendants facially attack Talley's standing to sue. Defendants argue that because Talley's bond was reduced to $500,000 he does not have standing to bring this action. The Court agrees.

To show an injury in fact that is concrete and particularized, a plaintiff must show an injury that "affect[s] the plaintiff in a personal and individual way." *Gaylor v. Hamilton Crossing CMBS,* 582 Fed. Appx. 576, 579 (6th Cir. 2014) (citation and internal quotation marks omitted). Here, the injury that Talley complains of, Cleveland Municipal Court's alleged policy of uniformly applying a bail amount of $1,000,000, is not an injury that was actually suffered by Talley because his original bond amount was reduced as a result of procedures established by

Ohio law. Ohio Rules of Criminal Procedure, Rule 46, provides that the trial court "at any time, may order additional or different types, amounts, or conditions of bail." Thus, as Talley did in his criminal case, any individual can move to have the trial court reduce his original bond amount.[3] Accordingly, because Talley's bond was reduced to $500,000, he was not affected by the injury that is the basis of this action and therefore does not have standing to bring this action.

The Defendants' second argument is that the allegations in the Complaint are insufficient to state a plausible 42 U.S.C. § 1983 claim because Talley did not suffer a constitutional injury and because he has failed to allege a constitutional deprivation caused by the City. To survive dismissal, "a complaint must contain sufficient factual matter ... to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A claim is facially plausible if the "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Bell Atlantic Corp. v.Twombly,* 550 U.S. 554, 556 (2007).

In order to prevail on a claim under 42 U.S.C. § 1983, a plaintiff must allege the following two elements: 1) that he was deprived of a right secured by the United States Constitution or laws of the United States, and 2) that the deprivation was caused by a person while acting under color of state law. *Stewart v. City of Middletown,* 136 Fed. Appx. 881, 882 (6th Cir. 2012). As to the first element, Defendants again note that, based on the allegations in the Complaint, Talley has not suffered a constitutional injury because his bond was reduced to

---

[3] Furthermore, Ohio law provides another remedy if an individual's motion to reduce bond has been denied by the trial court, State habeas corpus. The Ohio Supreme Court has held that "[h]abeas corpus is the proper remedy to raise the claim of excessive bail in pretrial-release cases." *Chari v. Vore,* 91 Ohio St. 3d 323, 325 (2001). Thus, Talley and the purported class members had two different avenues to seek reduction of their original bond amounts.

$500,000. Then Defendants argue that even if one were to assume that Talley has suffered a constitutional injury, he has not adequately plead a § 1983 claim because his claims concern actions of the Cleveland Municipal Court and its employees, not the City of Cleveland. The Court agrees.

By Talley's own admission, when a person is arrested in the City of Cleveland he is brought before a judge of the Cleveland Municipal Court and the judge sets that individual's bond amount. Nonetheless, Talley has filed this action against the City and its employees in an attempt to hold the City liable for the actions of the Cleveland Municipal Court. However, the City cannot be held liable for the actions of Cleveland Municipal Court or its employees because the Cleveland Municipal Court is not a department or division of the City of Cleveland, but, rather, is a component of state government, subject to the supervision of the Ohio Supreme Court. *See Foster v. Walsh*, 864 F.2d 416, 418-19 (6th Cir. 1988) (noting that an Ohio municipal court and its employees are not subject to the authority of the municipality in which it sits); *see also* Ohio Rev. Code § 1901.01 (establishing municipal courts); Ohio Const. Art. IV, § 5 ("[T]he Supreme Court shall have general superintendence over all courts in the state.").

In Talley's Opposition Brief, he suggests that the City should be held responsible because each purported class member was arrested by a Cleveland police officer, housed in the City jail, and a Cleveland police detective appeared in court and requested a $1,000,000 bond for each individual. However, these allegations, even if true, are insufficient to bring an Eighth Amendment excessive bail case against the City and its employees because a judge of the Cleveland Municipal Court ultimately determines bail amounts, not the City. *See Marsh v. Randolph,* 2012 WL 397778, * 6 (E.D. Tenn. Feb. 7, 2012) (noting that an ADA's request that

the plaintiff's bond be set at $1,000,000 did not amount to a constitutional violation because the judge, not the ADA, imposed the plaintiff's bond); *Ghaith v. Rauschenberger,* 493 Fed. Appx. 731, 739-40 (6th Cir. 2012)(unpublished opinion) (affirming district court's dismissal of the plaintiff's Eighth Amendment excessive bail claim where none of the defendants, police officers and prosecutors, were directly involved in the state court's decision to impose the bond at issue); *Graham v. Potter,* 2006 WL 3740851, *3 (E.D. Tenn. December 15, 2006) (holding that because "bail is set by the judge presiding over the case[,] [the] [d]efendant could not have deprived [the] [p]laintiff of his constitutional right to be free from excessive bail since [the] [d]efendant did not set [the] [p]laintiff's bail").

Accordingly, the Court dismisses Talley's 42 U.S.C. § 1983 claim against all the Defendants[4].

**2. Ohio Constitution Art. I, § 9 Claim**

Count II of the Complaint alleges that the actions of the City, Mayor Jackson and Director Flask violated Article I, § 9 of the Ohio Constitution, which prohibits excessive bail. Defendants move for dismissal of Count II on the basis that Art. I, Sec. 9 of the Ohio Constitution does not provide a private right of action for excessive bail. The Court agrees. The Supreme Court of Ohio has not recognized the existence of a private cause of action for damages under the Ohio Constitution. *See Provens v. Stark County Board of Mental Retardation & Development*

---

[4] Talley sues both Mayor Jackson and Director Flask in their official capacities as employees of the City of Cleveland. A suit against a municipal employee in his or her official capacity must be treated as suit against the City itself. *See Shamaeizadeh v. Cunigam,* 338 F.3d 535, 556 (6th Cir. 2003)(holding that claims brought in official capacity must be construed as claims against the city itself). Thus, the Court dismisses Talley's § 1983 claim against Mayor Jackson and Director Flask for the same reasons it dismisses this claim against the City.

*Disabilities,* 64 Ohio St. 3d 252, 261, 594 N.E.2d 959 (1992) (no private constitutional remedy where Ohio Constitution itself did not provide for a civil damage remedy); *see also PDU, Inc., v. City of Cleveland,* No. 81944, 2003 WL 21555157, at *4-5, 2003-Ohio-3671 (Oh. Ct. Ap. 8th Dist.  July 10, 2003) (due process clause of Ohio Constitution was not self-executing and did not create a private right of action).

### 3. False Imprisonment Claim

In Count III, Plaintiff brings a false imprisonment[5] claim against the City, Mayor Jackson and Director Flask.  Under Ohio law, "false imprisonment occurs when a person confines another intentionally without privilege and against his consent within a limited area for any appreciable time, however short."  *See Bennett v. Ohio Dep't of Rehab. & Corr.,* 60 Ohio St. 3d 107, 573 N.E.2d 633, 636 (1991) (citation and internal quotation marks omitted).  The City is generally immune from tort liability under the Political Subdivision Tort Liability Act, Ohio Revised Code § 2744.02, unless a plaintiff's claim falls within one of the specific exceptions found in R.C. § 27444.02 (B).  These exceptions include a variety of negligent acts, but do not cover intentional torts.  Furthermore, Ohio courts have held that political subdivisions are immune from liability from intentional torts, such as false imprisonment.  *Sedlak v. Sedlak,* 2011 WL 3438421, * 5 (N.D. Ohio Aug. 5, 2011) (citations omitted).

Accordingly, the City is entitled to immunity under Ohio R.C. § 27444.02 (B) and Talley's false imprisonment claim against the City is dismissed.  In addition, because the City is

---

[5]In the Complaint, Talley refers to this tort as "wrongful imprisonment." The Court assumes that Talley's common law wrongful imprisonment claim is actually a claim for false imprisonment under Ohio law, and will refer to the claim as "false imprisonment."

immune from liability, Mayor Jackson and Director Flask are also immune from liability from the false imprisonment claim alleged against them in their official capacities. *DiGiorgio v. City of Cleveland,* 8th Dist. No. 95945, 2011 WL 5517366, 2011-Ohio-5878 (Jan. 27, 1993) ("It is well settled that a suit against an employee of a political subdivision in the employee's official capacity is an action against the entity itself and the employees are entitled to the same immunity due the political subdivision.")

Talley also sues Mayor Jackson and Director Flask in their individual capacities for false imprisonment. As noted above, the tort of false imprisonment occurs when a person confines another intentionally without privilege and against her consent. The Complaint does not allege any facts as to the conduct of Mayor Jackson and therefore Talley has not sufficiently plead a false imprisonment claim against Mayor Jackson.

With respect to Director Flask, the Complaint does not allege that Director Flask confined Talley. "Confinement consists of a total detention or restraint upon [the plaintiff's] freedom of locomotion, imposed by force or threats." *Davis v. Peterson,* No. 16883, 1995 WL 134796, *2 (Oh. Ct. Ap. 9th Dist. March 29, 1995) (citation and internal quotation marks omitted). Here, the Complaint does not allege that Director Flask detained or restrained Talley's freedom by force or threat or that Director Flask was even at the scene of the alleged detention of Talley. Rather, the Complaint states that Director Flask "ordered, knew of, participated in, and ratified the policy of requiring an excessive and unlawful bond amount for those charged under fugitive warrants in the city of Cleveland." (Doc. # 1 at ¶ 55). Thus, according to the allegations in the Complaint, Director Flask's only involvement concerned his alleged role in formulating policy.

Accordingly, the Court dismisses Count III against Director Flask[6] and Mayor Jackson in their individual capacities.

### III.

For these reasons, the Court **GRANTS** Defendants' Motion to Dismiss **(Doc. # 8).**

**IT IS SO ORDERED.**

                                                 */s/ Dan A. Polster January 26, 2015*
                                                 **Dan Aaron Polster**
                                                 **United States District Judge**

---

[6]The Defendants also argue that Director Flask is entitled to statutory immunity under Ohio R.C. § 2744.03. The Court has dismissed all the claims against Director Flask and therefore need not reach this issue.